# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG G. COOPER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAMES YATES,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. 1:09-cv-85-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE GRANTED WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>OBJECTION DUE WITHIN THIRTY DAYS |

## I. PROCEDURAL HISTORY

Plaintiff Craig G. Cooper ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's so-titled "1st Amended Complaint," filed January 13, 2009 in which Plaintiff alleges that Defendant Yates ("Defendant") failed to protect Plaintiff and acted with deliberate indifference to his medical needs in violation of the Eighth Amendment. (ECF No. 1.) This action was originally filed in State Court and then removed by Defendant to this Court.

On July 22, 2010, Defendant filed a Motion to Dismiss Plaintiff's Complaint, arguing

1

that Plaintiff failed to state a cognizable claim, that Defendant is entitled to qualified immunity, and that certain of Plaintiff's claims are barred by time requirements under California's Government Claims Act. (ECF No. 25.) Plaintiff filed an opposition on August 5, 2010. (ECF No. 26.) Defendant filed a reply on August 8, 2010. (ECF No. 27.)

## II.     BACKGROUND

In his Complaint, Plaintiff alleged the following facts:  In 1999, Plaintiff was transferred to Pleasant Valley State Prison ("PVSP").  He remains in custody there. Plaintiff began having breathing and other health problems in July 2006.  He received treatment at PVSP and then was transferred to an outside hospital where he was diagnosed with Ciccidioidomycisis ("Valley Fever").  Plaintiff receives ongoing medical treatment for this condition.

Plaintiff  brought suit against James Yates, Warden of PVSP, arguing that Defendant failed to warn or protect Plaintiff from exposure to Valley Fever in violation of the "Government Codes (Calif.)" and Plaintiff's Eighth Amendment rights.  Plaintiff also brought suit for intentional tort and general negligence.

The Court found, in its screening order dated February 11, 2010, that Plaintiff's Eighth Amendment claims against Defendant were cognizable and could go forward. (ECF No. 13.)

## III.    LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Because the focus of a 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court

ordinarily limits its review to the face of the complaint. See Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 782 (9th Cir. 1996); Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). Further, dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim. See Abramson v. Brownstein, 897 F.2d 389, 391 (9th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. See Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000).

**IV.   ARGUMENT AND ANALYSIS**

Defendant makes four arguments: (1) Plaintiff's Eighth Amendment claim fails to allege sufficient facts to support a claim of deliberate indifference; (2) Plaintiff fails to allege Defendant's direct participation in the violation of his rights; (3) Defendant is entitled to qualified immunity; and (4) Plaintiff's state tort claims are barred by his failure to comply with timeliness requirements of the California Government Claims Act.

In his Objection and Opposition, Plaintiff contends the contrary in all four respects.

For the reasons set forth below, the Court HEREBY RECOMMENDS that Defendant's Motion to Dismiss be GRANTED and Plaintiff's Complaint be DISMISSED WITH LEAVE TO AMEND.

////

### A.     Federal Claim

In his Complaint, Plaintiff alleges that his Eighth Amendment rights were violated when he was exposed to and contracted Valley Fever.

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  A prison official violates the Eighth Amendment only when two requirements are met:  (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety.  See id.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citation omitted).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).  "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175,

4

1188 (9th Cir. 2002)).

As noted, Plaintiff alleges that his Eighth Amendment rights were violated when the California Department of Corrections and Rehabilitation ("CDCR") placed him at PVSP knowing that the risk of contracting Valley Fever was high at that facility. (Pl.'s Compl., ECF No. 1-1, pp. 13-14.)  The courts of this district have found such claims to be insufficient.  "[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health." King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal., Mar. 4, 2009); see also Tholmer v. Yates, 2009 WL 174162, *3 (E.D. Cal., Jan. 26, 2009) ("To the extent Plaintiff seeks to raise an Eighth Amendment challenge to the general conditions of confinement at PVSP, Plaintiff fails to allege facts that indicate Defendants are responsible for the conditions of which Plaintiff complains," such as "acts or omissions of Defendants have caused an excessively high risk of contracting valley fever at PVSP").

Plaintiff alleges that the named Defendant violated Plaintiff's Eighth Amendment rights by "failing to provide reasonable notice or warning of a dangerous condition." (Compl. at 14.) Defendant responds that Plaintiff did not allege sufficient facts to show that Defendant knew of and disregarded a serious threat to Plaintiff's health. (Mot. to Dismiss, ECF No. 25, pp. 7-8.)  Plaintiff points to exhibits to his Complaint in support of his argument that Defendant had knowledge of the risk of Valley Fever. (Pl.'s Opp. to Mot. to Dismiss, ECF No. 26, p. 3.)  However, these documents were all published **after** Plaintiff

was diagnosed with Valley Fever. They do not show that prior to Plaintiff being exposed to a health risk Defendant knew of the risk and disregarded it.

Specifically, Plaintiff's allegations of knowledge and indifference by Defendant are contradicted by the facts in and attachments to his Complaint. They show Plaintiff was diagnosed with Valley Fever in July 2006 and that a health Memorandum regarding Valley Fever was distributed to prison staff on August 3, 2006, after Plaintiff's diagnosis. (Compl. Exh. B, pp. 21-22.) The news article about Valley Fever in California prisons was published December 30, 2007, after Plaintiff's diagnosis. (Compl. Exh. C, pp. 24-27.) The report and assessment regarding Valley Fever analyzes data from 2001 through 2005, but is dated January 12, 2007, after Plaintiff's diagnosis. (Compl. Exh. D, pp. 29-54.) Each attachment is dated after Plaintiff received his diagnosis. Thus, the allegations do not support attribution of knowledge of the risks of Valley Fever to Defendant until after Plaintiff's

diagnosis. The Court may, and does here, disregard factual allegations contradicted by facts established by reference to exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Having failed to demonstrate that Defendant was aware of the risk posed to Plaintiff by Valley Fever, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Dismissal of Plaintiff's Eighth Amendment claims is therefore appropriate.

In general, before dismissing a pro se civil rights complaint for failure to state a claim, a district court must give the litigant a statement of the complaint's deficiencies and leave to amend the complaint. Frost v. Fox, 53 F.3d 338, *2 (9th Cir. 1995) (citing Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623-24 (9th Cir. 1988); Noll v.

Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, leave to amend is not required where it is absolutely clear that the deficiencies of the complaint can not be cured by amendment.  Frost, 53 F.3d at *2, (citing Karim-Panahi, 839 F.2d at 623).

At this time, the Court cannot state that it is absolutely clear that Plaintiff would be unable to cure the deficiencies in his Complaint by amendment.  The Court has found only that Plaintiff's instant Complaint does not allege sufficient facts to show that Defendant Yates had knowledge of a risk to Plaintiff's health.  That does not *per se* mean that Plaintiff would be unable to allege facts sufficient to meet the legal standard.  Plaintiff is advised that the Court must presume that all plausible allegations contained in Plaintiff's Complaint are true at this stage in the litigation.  See Warshaw v. Xoma Corp., 74 F.3d 955, 597 (9th Cir. 1996).  Thus, no documentation is needed to support Plaintiff's allegations.

For the reasons stated above, the Court will recommend that Plaintiff's Complaint be dismissed without prejudice and that Plaintiff be granted leave to amend his Complaint to include truthful facts demonstrating that Defendant had knowledge of the risk posed to Plaintiff by Valley Fever.

### B.     State Tort Claims

Defendant requests that the Court extend its jurisdiction to include and consider Plaintiff's state tort claims.  We decline to do so.  Gini v. Las Vegas Metropolitan Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994) ("When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice."  Les Shockley Racing v. National Hod Rod Ass'n, 884 F.2d 504, 509 (9th Cir.1989)).  Thus, Plaintiff's state tort claims are dismissed

without prejudice.

## V. CONCLUSION

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted. Thus, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** and that Plaintiff be allowed to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. Plaintiff should focus the amended complaint on claims and defendants relating solely to issues arising out of his exposure to and contraction of Valley Fever.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended

complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, the court HEREBY RECOMMENDS that:

A.   Defendant's Motion to Dismiss be GRANTED without prejudice; and

B.   Plaintiff's Complaint be dismissed for failure to state a claim, with leave to file an amended complaint.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991). See also Robbins v. Carey, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

IT IS SO ORDERED.

Dated:   November 26, 2010          /s/ *Michael J. Seng*
         TED STATES MAGISTRATE JUDGE