# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG G. COOPER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JAMES YATES,<br><br>　　　　　　Defendant.<br>_____ / | CASE NO. 1:09-cv-00085-AWI-MJS (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, GRANTING MOTION TO DISMISS, AND DISMISSING CASE WITH LEAVE TO AMEND<br><br>(ECF No. 25)<br><br>SECOND AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

Plaintiff Craig G. Cooper ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 29, 2010, the Magistrate Judge filed a Findings and Recommendation recommending that the instant action be dismissed with leave to amend for failure to state a claim upon which relief could be granted. (ECF No. 29.) On December 15, 2010, Plaintiff filed "Objections to the Magistrate's Report" stating that he did not oppose the dismissal without prejudice, but objects to "the findings pertaining to the exhibits attached

to the Complaint." (ECF No. 30, Pl.'s Obj. p. 2.) It thus appears Plaintiff disagrees with the Court's conclusions regarding his attachments. However, his conclusion reiterates his agreement that the case be dismissed with leave to amend.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c) and Local Rule 305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendation to be supported by the record and by proper analysis. Thus, the Motion to Dismiss is granted and Plaintiff's Complaint is dismissed with leave to amend.

In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims. Plaintiff should focus the amended complaint on claims and defendants relating solely to issues arising out of the incidents discussed in the Findings and Recommendation.

Nothing herein prevents Plaintiff from re-appendixing his attachments from the original complaint.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an

amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly,  IT IS HEREBY ORDERED that:

1. The Findings and Recommendation, filed November 29, 2010, is adopted in full;

2. The instant action is DISMISSED WITH LEAVE TO AMEND based on Plaintiff's failure to state a cognizable claim;

3. Plaintiff's amended complaint is due within thirty (30) days from the date of service of this order;

4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:09-cv-85-AWI-MJS (PC); and

5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   January 14, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE

3