# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG G. COOPER, | CASE  NO.  1:09-cv-00085-AWI-MJS  (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION FOR DISMISSAL WITH PREJUDICE OF PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM |
| v. | |
| JAMES YATES, et al., | |
| Defendant. | (ECF No. 32) |
| _____/ | OBJECTION DUE WITHIN THIRTY DAYS |

I.    **PROCEDURAL HISTORY**

Plaintiff Craig G. Cooper ("Plaintiff") is a state prisoner proceeding pro se on a January 27, 2011, Second Amended civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 32.)  This action was originally filed in State Court and then removed by Defendants to this Court.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 22, 2010, Defendant filed a Motion to Dismiss Plaintiff's Complaint.  (ECF No. 25.)  After briefing, the Motion was granted, but the Court gave Plaintiff leave to

1

amend.  (ECF. Nos. 29 & 31.)

Plaintiff filed a Second Amended Complaint which is now before the Court for screening.  For the reasons set forth below, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

## II.   SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

////

2

III.   **SUMMARY OF SECOND AMENDED COMPLAINT**

Plaintiff brings this action for violation of his right to be free from cruel and unusual punishment under the Eighth Amendment.   He names as Defendants James Yates, Warden, and Felix Igbinosa, Chief Medical Officer, at Pleasant Valley State Prison ("PVSP").   (Defendant Igbinosa was not named as a defendant in the original Complaint.)

Plaintiff now alleges the following:  In 1999, Plaintiff was transferred to PVSP where he remains in custody.  In June 2006, he contracted Coccidioidomycosis ("Valley Fever"). He has been hospitalized with symptoms related to Valley Fever, including chronic breathing problems, acute coughing, severe weight loss, and chest and heart problems, and  continues to receive treatment for the condition.

Plaintiff seeks monetary damages and punitive relief.

IV.   **ANALYSIS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

In his Complaint, Plaintiff alleges that his Eighth Amendment rights were violated when he was exposed to and contracted Valley Fever.

The Eighth Amendment's prohibition of cruel and unusual punishment requires that

prison officials take reasonable measures for the safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  A prison official violates the Eighth Amendment only when two requirements are met:  (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety.  See id.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citation omitted).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).  "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Specifically, a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety.  Farmer, 511 U.S. at 837.  The Court in Farmer adopted a subjective standard requiring an "inquiry into a prison official's

4

state of mind" when it is alleged that a prison official was deliberately indifferent to a substantial risk. Id. at 838 (citing Wilson, 501 U.S. at 299).  To satisfy this inquiry, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.  Alternatively, the Court rejected any possibility that an official could be held liable for "a significant risk that he should have perceived but did not." Id.  Even if it is determined that the official was subjectively aware of a substantial risk, the official cannot be held liable if he acted reasonably in response to that risk, "even if the harm ultimately was not averted." Id. at 844.

Plaintiff claims that Defendants did nothing to protect Plaintiff from Valley Fever. He alleges that they had knowledge of the "inhumane condition and activity of Valley Fever" (ECF No. 32 p. 3) and failed to take corrective measures, such as passing out masks, and failed to educate prisoners about the risk.  Plaintiff alleges that this inaction amounted to deliberate indifference.

This Court's previous order dismissed Plaintiff's claim because Plaintiff did not demonstrate that the then-named Defendant (Yates) had knowledge of a Valley Fever risk and was deliberately indifferent to that risk.  Moreover, Plaintiff was told that exposure to Valley Fever, in and of itself, would not enough an Eighth Amendment claim.

In this Second Amended Complaint, Plaintiff re-states the allegations of the original complaint but includes **less** factual detail.  The only allegations regarding Defendants'[1] knowledge is that they "had knowledge of the inhumane condition and activity of Valley

---

[1]     Plaintiff adds an additional Defendant, Felix Igbinosa, Chief Medical Officer at PVSP, but makes no allegations against him personally.

Fever" and "knew of and disregarded an excessive risk to plaintiff's health and safety." (ECF No. 32 at 3 & 5.) These conclusory allegations are not sufficient to sustain a claim. See Mitchell v. Skolnik, 2010 WL 5056022, *3 (D. Nev. Dec. 3, 2010) (allegation that defendants "knew or should have known" about a wrongful act was insufficient to state a claim).

Without sufficient factual allegations that Defendants had knowledge of a substantial risk to Plaintiff, Plaintiff cannot state a claim.

Moreover, The courts of this district have repeatedly held that prison officials cannot be held liable for Valley Fever in the absence of evidence showing that they knew of and disregarded an excessive risk to the health of inmates. "[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health." King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009); see also Tholmer v. Yates, 2009 WL 174162, *3 (E.D. Cal. Jan. 26, 2009) ("To the extent Plaintiff seeks to raise an Eighth Amendment challenge to the general conditions of confinement at PVSP, Plaintiff fails to allege facts that indicate Defendants are responsible for the conditions of which Plaintiff complains," such as "acts or omissions of Defendants have caused an excessively high risk of contracting valley fever at PVSP").

## V.   CONCLUSION

In general, before dismissing a pro se civil rights complaint for failure to state a

claim, a district court must give the litigant a statement of the complaint's deficiencies and leave to amend the complaint.  <u>Frost v. Fox</u>, 53 F.3d 338, *2 (9th Cir. 1995) (citing <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 623-24 (9th Cir. 1988); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, leave to amend is not required where it is absolutely clear that the deficiencies of the complaint can not be cured by amendment.  <u>Frost</u>, 53 F.3d at *2, (citing <u>Karim-Panahi</u>, 839 F.2d at 623).

The Court has given Plaintiff thorough guidance on the law governing his Eighth Amendment claim and offered Plaintiff  the opportunity to file an amended complaint. Plaintiff's amended complaint contains fewer factual allegations, especially with respect to the crucial element of Defendants' knowledge, than was contained in his prior Complaint.  As such, it is clear that Plaintiff can not cure the deficiencies of his Complaint by amendment and that further leave to amend would be futile.  Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this action be DISMISSED in its entirety, WITH PREJUDICE, for failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United State District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District

////

////

////

7

Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   __February 7, 2011___        ___/s/ *Michael J. Seng*___
ci4d6                                    UNITED STATES MAGISTRATE JUDGE

8